UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

NOBLE SHEKHEM EL BEY,                    :

                    Appellant,           :

          - against -                    :

WORLDCOM, INC. et al.,                   :

                    Appellees.           :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

**MEMORANDUM & ORDER**

08 Civ. 3654 (DC)

**CHIN, District Judge**

Noble Shekhem El Bey appeals from a decision of the Bankruptcy Court for the Southern District of New York.  A brief overview of the history of this action, as described by Bankruptcy Judge Arthur J. Gonzalez in his order dated February 14, 2008, is instructive:

- On January 26, 2004, El Bey and the Department of Moorish Affairs (the "DOMA") filed a motion seeking the immediate suspension and revocation of the licenses of WorldCom, Inc. and substantially all of its direct and indirect subsidiaries (collectively, the "Debtors"). The Debtors had filed petitions under chapter 11 of title 11 of the United States Bankruptcy Code on July 21, 2002 and November 8, 2002.  The motion also sought $31,000,000 in damages.

- On March 9, 2004, the bankruptcy court denied the motion.

- On March 26, 2007, El Bey submitted additional documents to the bankruptcy court, although it was

unclear what relief was sought.  The papers included a
request for a criminal and civil indictment, presumably
of the Debtors, although they were not listed in the
papers.

- On May 15, 2007, the bankruptcy court wrote El Bey a
  letter notifying him that a recommendation to the
  United States Attorney by the bankruptcy court did not
  appear warranted, but that El Bey was free to request
  assistance from any government authority.

- On September 26, 2007, El Bey submitted another set of
  documents.  Again, the relief sought was unclear.
  Among the documents was an undated "Informal Motion
  Federal Bill of Criminal Indictment for Extortion
  Racketeering and Fraud."

- On October 15, 2007, the bankruptcy court wrote El Bey
  seeking clarification of his September 26 submission.

- El Bey proceeded to call Judge Gonzalez's chambers and
  leave numerous voice mail messages, never clarifying
  what relief was sought in his September 26 submission.
  In one call, El Bey suggested that the bankruptcy court
  make him a settlement offer on the Debtor's behalf.

- On December 4, 2007, the bankruptcy court again wrote
  El Bey seeking clarification of what relief he sought,
  and asking him to respond within ten days and only
  communicate with the bankruptcy court in writing.

- El Bey did not respond within ten days.

- 2 -

Judge Gonzalez, in an order dated February 14, 2008, (1) denied El Bey's request for relief to the extent it requested relief from the bankruptcy court and (2) deemed El Bey's September 26, 2007 "Informal Motion" a notice of appeal. Additionally, the bankruptcy court, by letter dated February 15, 2008, declined to refer El Bey's case to the United States Attorney's office.

As El Bey's September 26, 2007 "Informal Motion" was deemed a notice of appeal by the bankruptcy court, to the extent petitioner seeks appellate review, this Court -- and not the bankruptcy court -- may review the petition. The "Informal Motion" was accordingly docketed as a bankruptcy appeal in this Court on April 16, 2008, and assigned to me.

Since then, El Bey has called my chambers approximately fifteen times to make various requests, including for intervention and relief not within the Court's powers. His calls and voice mails have been rambling and nonsensical. My law clerk referred El Bey to the Court's pro se office, but he continues to call my chambers. El Bey's most recent voice mail message was received on August 11, 2008.

To the extent that the "Informal Motion" seeks to appeal the bankruptcy court's decision, the appeal is rejected. The order of the bankruptcy court is affirmed because the appeal is untimely -- it should have been filed within ten days of the bankruptcy court's March 9, 2004 ruling. See Fed. R. Bankr. P. 8002(a); In re The Bennett Funding Group, Inc., 439 F.3d 155, 159

- 3 -

(2d Cir. 2006) (party must file a notice of appeal within ten days of the date of the entry of the order or judgment appealed from).

The appeal is also rejected on the merits, for petitioner has not demonstrated that the bankruptcy court erred or abused its discretion. The bankruptcy court's order is affirmed. The Clerk of the Court shall close this case.

SO ORDERED.

Dated:    New York, New York
          August 13, 2008


                              DENNY CHIN
                              United States District Judge

- 4 -